**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

Frank Denver Barry,

          Appellant,

          -vs-

EF Mortgage LLC,

          Appellee.

Case No. 1:26-cv-00320

JUDGE PAMELA A. BARKER

MEMORANDUM OPINION & ORDER

Currently pending before the Court is Appellant Frank Denver Barry's ("Appellant" or "Barry") Emergency Motion for (1) Administrative Stay and (2) Stay Pending Appeal (the "Motion"). (Doc. No. 4).  Appellee EF Mortgage LLC's ("Appellee" or "EF Mortgage LLC") filed its Response to the Motion.  (Doc. No. 8.)  For the following reasons, Appellant's Motion is DENIED as set forth herein.

I.      **PROCEDURAL HISTORY**

On August 14, 2025, Barry filed a Voluntary Petition for Individuals Filing for Bankruptcy Under Chapter 13.  (BR Doc. No. 1.)[1]  On December 3, 2025, EF Mortgage LLC filed its Motion for Relief from Stay with Request for in Term Relief Under 11 U.S.C. § 362(d)(4) (the "Motion for Relief from Stay"), wherein it asked the Bankruptcy Court to lift the automatic stay in place pursuant to 11 U.S.C § 362.  (BR Doc. No. 37).  On January 15, 2026, the Bankruptcy Court held a hearing regarding the Motion for Relief from Stay.  *See* BR Non-Doc. dated Jan. 15, 2026.  On January 19, 2026, the Bankruptcy Court chose to grant the Motion for Relief from Stay.  (BR Doc. No. 46.)  Barry then

---

[1] Any reference to the docket in the bankruptcy proceeding shall be indicated with a "BR" preceding the Document Numbers.

proceeded to file two emergency motions to stay enforcement of this Order in the Bankruptcy Court. (BR Doc. Nos. 47, 48.)  The Bankruptcy Court set these motions for hearing on February 19, 2026. *See* (BR. Doc. Nos. 55, 56.)

On February 9, 2026, Barry filed this Appeal against EF Mortgage LLC, wherein he appeals the Bankruptcy Court's Order granting EF Mortgage LLC relief from the automatic stay, *see* (BR Doc. No. 46).  (Doc. No. 1; Doc. No. 4, at PageID #18.)  Meanwhile during its February 19 hearing, the Bankruptcy Court denied Barry's emergency motions.  *See* BR Non-Docs. dated Feb. 19, 2026. Later that same day, Barry filed his Emergency Motion for (1) Administrative Stay and (2) Stay Pending Appeal with the Bankruptcy Court, (BR Doc. No. 67), which the Bankruptcy Court denied several days later. (BR Doc. No. 70).

On February 20, 2026, Appellant filed the Motion, (Doc. No. 4), seeking emergency relief from the Bankruptcy Court's Order lifting the automatic stay, to which Appellee responded on March 3, 2026. (Doc. No. 8).  On March 17, 2026, Appellant filed his Motion for Leave to File Reply Instanter (Doc. No. 9), thereto he attached his proposed reply in support of the Motion. (*See* Doc. No. 9-1.)  On March 18, 2026, this Court granted Appellant's Motion for Leave to File Reply Instanter and ordered Appellant to file his reply with the Court by March 19, 2026, *see* Non-Doc. dated Mar. 17, 2026, but Appellant failed to do so.  Then, on March 26, 2026, the Bankruptcy Court issued an Order dismissing Barry's case.  (BR Doc. No. 78.)

## II.    STANDARD OF REVIEW

Fed. R. Bankr. P. 8007 authorizes a district court to enter "a stay of the bankruptcy court's judgment, order, or decree pending appeal."  To be entitled to a stay, the movant must include the following:

(2)    *Required Showing.* The motion must:

    (A)    show that moving first in the bankruptcy court would be impracticable; or

    (B)    if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling.

(3)    *Additional Requirements.* The motion must also include:

    (A)    the reasons for granting the relief requested and the facts relied on;

    (B)    affidavits or other sworn statements supporting facts subject to dispute; and

    (C)    relevant parts of the record.

Fed. R. Bankr. P. 8007(b)(2)–(3).  Further, to guide whether a stay is appropriate, district courts should consider the following factors:

(1)    whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2)    whether the applicant will be irreparably injured absent a stay;

(3)    whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4)    where the public interest lies.

*Tagnetics, Inc. v. Kayser*, No. 3:19-cv-00363, 2020 U.S. Dist. LEXIS 27991, at *6 (S.D. Ohio Feb. 19, 2020) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)); *see also* 10A Collier on Bankruptcy ¶ 8007.07.  While these factors should be balanced, "the first two factors are the most critical." *Tagnetics*, 2020 U.S. Dist. LEXIS 27991 at *6 (citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

3

### III.  ANALYSIS

With this framework in mind, even assuming Barry complied with the procedural requirements of Fed. R. Bankr. P. 8007, the Court denies Barry's Motion.  The Court notes that only the irreparable harm factor weighs in Barry's favor.  As explained in greater detail below, however, the remaining factors cut against a stay.

<u>Barry has not made a strong showing that he is likely to succeed on the merits</u>.  Barry only makes one argument on appeal.  Barry's appeal is premised upon him not having actual notice of Appellee's Motion for Relief from Stay and the Bankruptcy Court's hearing on the motion.  He otherwise does not contest the Bankruptcy Court's Order granting Appellee relief from stay.  To support his argument, Barry attaches a declaration to his Motion where he avers that "I did not receive EF Mortgage's motion papers, any notice a response deadline, or any notice of the January 15, 2026 hearing in time to respond."  (Doc. No. 4-2, PageID #23.)  In response, Appellee argues that "[t]he record demonstrates otherwise" because "Appellee filed a certificate of service showing service on Appellant at the address listed in the petition . . . in compliance with Bankruptcy Rules 4001 and 7004."  (Doc. No. 8, PageID #47.)  Without citation to any authority, Appellee argues that "[a] certificate of service constitutes prima facie evidence of valid service, and Appellant's unsupported assertion of non-receipt does not rebut the presumption of proper mailing."  (*Id.*)  In his proposed reply, Barry asserts that he "has raised substantial issues concerning notice and opportunity to be heard surrounding the January 15, 2026 hearing and the entry of the stay-relief/in rem order" by filing two emergency motions with the Bankruptcy Court on January 20, 2026 and January 22, 2026.  (Doc. No. 9-1, PageID #221.)  According to Barry, "[t]hese circumstances, together with the extraordinary nature of in rem relief, present serious questions for appellate review."  (*Id.*)

4

Under 11 U.S.C. § 362(d), the bankruptcy court may only grant a motion for relief from stay "after notice and a hearing."  And if a party fails to serve a motion upon a debtor in a bankruptcy proceeding, an order granting that motion can be void.  *Countrywide Home Loans, Inc. v. Terlecky (In re Fusco)*, No. 08-8028, 2008 Bankr. LEXIS 2362, at *11 (6th Cir. Sept. 19, 2008).  But the law presumes delivery of a properly addressed piece of mail, and courts have found that a certificate of service constitutes prima facie evidence of service.  *See, e.g.*, *Citizens Ins. Co. v. Harris*, No. 16-CV-10428, 2016 WL 3743133, at *3 (E.D. Mich. July 13, 2016).  Further, courts have found "mere denial of receipt alone does not rebut the presumption that the mailed item was received."  *Freeman v. Loomas (In re Loomas)*, No. CO-13-017, 2013 Bankr. LEXIS 4340, at *15 (10th Cir. BAP Oct. 15, 2013) (citing *Bosiger v. U.S. Airways*, 510 F.3d 442, 452 (4th Cir. 2007)); *see also In re Valaris PLC*, No. 20-34114, 2025 Bankr. LEXIS 199, at *14 (Bankr. S.D. Tex. Feb. 4, 2025)).  "Especially in bankruptcy cases, '[i]f a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled.'"  *Landrum v. Otero Court Hosp. Ass'n (In re Otero County Hosp. Ass'n)*, 551 B.R. 463, 478 (Bank. D.N.M. 2016) (quoting *Osborn v. Ricketts (In re Ricketts)*, 80 B.R. 495, 497 (9th Cir. BAP 1987)).

In this case, Appellee is correct that its notice of hearing filed with the bankruptcy court indicates that "a true and correct copy of the Motion of EF MORTGAGE LLC for Relief from Stay was served . . . by regular U.S. mail, postage prepaid, on: Frank Denver Barry, at 1592 Lander Road, Cleveland, OH 44124."  (BR Doc. No. 38.)  The certificate of service is accordingly prima facie evidence of proper service.  The only evidence Barry offers to rebut this is his mere denial of receipt. The Court finds that this is insufficient.  *See In re Farris*, 365 F. App'x 198, 200 (11th Cir. 2010)

5

(holding certificate of service sufficient to establish proper service of a notice of hearing and that the debtor failed to rebut that evidence based on his claim "that he did not receive the notice until the day of the hearing").[2]  The Court therefore finds that Barry has not made a strong showing that he is likely to succeed.

The issuance of stay will substantially injure the other parties interested in the proceeding. This factor cuts against a stay here.  As to this factor, Barry argues that "Appellee's lien rights remain intact, and the Court can impose reasonable conditions." (Doc. No. 9-1, PageID #221.)  In response, Appellee points out that Appellant has filed three bankruptcies since the commencement of the underlying foreclosure, which has been pending since March 19, 2024.  (Doc. No. 8, PageID #45.) Barry does not dispute Appellee's contentions and instead argues that "Appellee's lien rights remain intact, and the Court can impose reasonable conditions." (Doc. No. 9-1, PageID #221.)  Based on the delay in the foreclosure process, the Court finds that this factor weighs against a stay.  *In re Antal*, No. BR 20-47857, 2020 WL 6737547, at *4 (E.D. Mich. Nov. 17, 2020) ("[T]he 2016 and 2020 Bankruptcies have, together, spanned the course of approximately four years. Issuing a stay would force Defendants back into the very proceedings from which the bankruptcy court ordered them relieved and delay the exercise of the foreclosure remedy Defendants bargained for in the relevant contract(s)").

The public interest may be served if the Court grants the stay.  This factor is neutral.  Barry argues that "[t]he public interest favors orderly appellate review and ensuring that parties receive meaningful notice and an opportunity to be heard before extraordinary relief is imposed." (Doc. No. 4, PageID #20.)  Appellee has not offered any argument concerning this factor.  As the *Antal* court

---

[2] In reaching the Court's finding, the Court is mindful that the Bankruptcy Court also rejected Barry's arguments concerning his alleged lack of notice.

found "there are public policy arguments in favor of both sides of the dispute. Public policy disfavors the sale of real property through foreclosure auctions, but also favors parties [honoring] contractual agreements."  2020 WL 6737547, at *4 (quoting *Sayo Inc. v. Zions First Nat. Bank*, No. 06-14963, 2006 WL 3392072 (E.D. Mich. Nov. 22, 2006)).

On balance, only one of the factors (irreparable harm) supports a stay here.  The Court therefore finds that Barry is not entitled to a stay in this case.

### a. Barry is ordered to show cause why this appeal is not moot

Under 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition "operates as a stay" of, among other things, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."  The stay "continues until the earliest of–(A) the time the case is closed; (B) the time the case is dismissed; or (C) . . . the time a discharge is granted or denied."  11 U.S.C. § 362(c)(2).  A creditor, like Appellee, can seek relief sooner by requesting that the bankruptcy court grant it relief from the automatic stay.  11 U.S.C. § 362(d).

An appeal of a bankruptcy court's decision to grant relief from the automatic stay, however, generally becomes moot when the automatic stay terminates by operation of 11 U.S.C. § 362(c)(2). *In re Hannonen*, SC-18-1270-KuFB, 2019 Bankr. LEXIS 1762, at *3 (9th Cir. BAP May 30, 2019) (collecting authority); *Desir v. U.S. Bank Tr. N.A.*, No. 1:25-cv-00481-JRS-MG, 2026 U.S. Dist. LEXIS 53434, at *7–8 (S.D. Ind. Mar. 16, 2026) ("In other words, there is no possible relief this Court could fashion for Desir on appeal—the bankruptcy court's orders lifting the automatic stay and

7

denying Desir's motions for reconsideration are inoperable, as the automatic stay and the case no longer exist").

In this case, Barry's bankruptcy case was dismissed on March 26, 2026.  (BR Doc. No. 78.) Barry is accordingly ordered to show cause, no later than 30 days from the date of this order, explaining why this appeal is not moot.  Appellee shall file a response within 14 days of the filing of Barry's response to the Court's show cause order.  No replies will be permitted.

## IV.     CONCLUSION

For the reasons set forth herein, the Motion (Doc. No. 4) is denied.  Barry is accordingly ordered to show cause, no later than 30 days from the date of this order, explaining why this appeal is not moot.  Appellee shall file a response within 14 days of the filing of Barry's response to the Court's show cause order.  No replies will be permitted.

**IT IS SO ORDERED.**

    *s/Pamela A. Barker*
PAMELA A. BARKER
Date:  March 31, 2026          U. S. DISTRICT JUDGE